## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 95-cr-00847-BLOOM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ANDRE STAFFORD,

     Defendant.

_____/

### ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Andre Stafford's ("Defendant") Renewed Motion for Compassionate Release, ECF No. [149] ("Motion"), filed on February 27, 2023. The Government filed its Response, ECF No. [151], to which Defendant filed a Reply, ECF No. [155]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

### I.  BACKGROUND

On July 11, 1997, the Court sentenced Defendant to a term of life followed by a three-year term of supervised release, after a jury found Defendant guilty of one count of assault with a deadly weapon, in violation of 18 U.S.C. § 113(a)(3), which Defendant committed while incarcerated and serving a 151-month sentence for bank robbery. ECF Nos. [98], [100]. On February 26, 2021, Defendant filed his first Motion for Compassionate Release, ECF No. [138], which the Court denied, ECF No. [146]. Defendant now brings the instant Renewed Motion for Compassionate Release asserting that he is now 65 years old and has served approximately 326 months of

imprisonment on the assault conviction. ECF No. [149] at 3. Defendant now asks the Court to

release him because he is over 65 and suffering from serious health issues. *Id.*

## II.    LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'"

*United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting

18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly
> limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.
> 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify
> a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a
> motion and extraordinary or compelling circumstances warrant modification or if
> the defendant is at least 70 years old and has served 30 years in prison; (2) if the
> modification is expressly permitted by statute or Federal Rule of Criminal
> Procedure 35; or (3) if the defendant's original sentencing range has subsequently
> been lowered as a result of an amendment to the Guidelines by the Sentencing
> Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v.*

*Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310,

1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority

to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

*Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v.*

*Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291,

1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Defendant seeks relief under the compassionate release provision of 18 U.S.C.

§ 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify
> a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion*
> *of the defendant after the defendant has fully exhausted all administrative rights to*
> *appeal a failure of the Bureau of Prisons to bring a motion on the defendant's*

> *behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-CR-60184, 2020 WL 1865771, at \*2 (S.D. Fla. Apr. 14, 2020). Thus, to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the

§ 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## III.   DISCUSSION

### A.  Exhaustion of Administrative Remedies

As an initial matter, Defendant has demonstrated that he properly exhausted his administrative remedies. The Government asserts that "[t]he BOP could not find any record of a more recent administrative request based on the claim included in the instant Motion." ECF No. [151] at 5, n. 1. However, Defendant attached to his Reply his November 30, 2022, request for compassionate release. ECF No. [155-1]. Defendant asserts that neither he nor his counsel have received a response to that request. ECF No. [149] at 4. More than 30 days have elapsed, so exhaustion is deemed satisfied.

### B.  Extraordinary and Compelling Reasons

Defendant contends that he meets the criteria for a reduction in sentence based on his age and deteriorating health. The Government responds that Defendant has not presented extraordinary and compelling reasons based on his age.

Application note 1 of the policy statement provides that extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. 1. The Government does not dispute that Defendant is at least 65 years old and has served at least 10 years of his term of imprisonment. The parties do dispute whether Defendant is experiencing a serious deterioration in physical health because of the aging process.

4

The Commentary to the Sentencing Guidelines does not provide further guidance on what constitutes "a serious deterioration in physical or mental health because of the aging process." However, one court in the Northern District of Alabama considered the issue in detail and has explained that the determination of whether a defendant is experiencing a serious deterioration in health due to the aging process requires "a fact-intensive analysis." *United States v. Holley*, No. 96-CR-00208, 2021 WL 2320394, at *5 (N.D. Ala. June 7, 2021) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 428 (S.D.N.Y. 2020)), *reconsideration denied*, No. 96-CR-00208, 2021 WL 2867032 (N.D. Ala. July 8, 2021), *appeal dismissed*, No. 21-12502-J, 2022 WL 2952293 (11th Cir. Apr. 5, 2022). Although a prisoner is not required to show that he cannot provide self-care, courts may consider evidence on that showing in determining the seriousness of the age-related deterioration. *Id.*

A prisoner experiences serious age-related deterioration if evidence supports a "sudden or rapid decline in health and wellness." *Holley*, 2021 WL 2320394, at *5. A prisoner may also demonstrate serious age-related deterioration by showing that he suffers from a disease that has an "end-of-life trajectory" together with "a litany of [other age-related] ailments," or that he requires constant medical care. *See United States v. Canty*, No. 94-CR-169, 2021 WL 1526351, at *4 (M.D. Fla. Apr. 19, 2021) (finding 70-year-old prisoner suffered serious age-related deterioration where the defendant suffered from "end-stage renal disease" and "chronic viral hepatitis C, type 2 diabetes, hypertension, ischemic cardiomyopathy (a type of heart disease), and HIV," required dialysis, and had broken his hip the prior year); *United States v. Lynn*, No. 89-CR-0072, 2020 WL 3229302, at *2-3 (S.D. Ala. June 15, 2020) (finding 65-year old prisoner suffered serious age-related deterioration where prisoner suffered from coronary heart disease that was "more extensive and severe than is typically seen in patients of his age," required care for that condition to forestall

death, and suffered from chronic kidney disease that was "more severe than is typical of sexagenarians" and sleep apnea).

By contrast, where a prisoner suffers from multiple "relatively minor or treatable conditions commonly caused by aging," those conditions do not support a finding of age-related serious deterioration in the prisoner's health. *See Holley*, 2021 WL 2320394, at *5 ("Mr. Holley has multiple treatable conditions commonly caused by aging, but he has not shown that any are particularly severe.").

Defendant contends that he is suffering a serious deterioration of his physical health from a host of health problems, "some of which are related to the aging process." ECF No. [149] at 6. Defendant's "list of diagnoses now includes: hyperlipidemia, hypertension, [chronic obstructive pulmonary disease], tooth decay resulting in bone loss, joint pain and arthritis (knee, hip, back), latent tuberculosis infection, enlarged prostate, eye diseases (exudative retinopathy, glaucoma, retinal vein obstruction with macular edema, cataracts, pinguecula), and prediabetes." *Id*. at 7. The medical records also reveal that Defendant has HIV. *See* ECF No. [153-1] at 5. Defendant focuses on four of these conditions which he contends "are most closely related to the aging process and have most significantly contributed to the deterioration of his health[:]" hypertension, tooth decay and loss, joint pain and related lack of mobility, and eye diseases. ECF No. [155] at 7.

First, regarding high blood pressure, Defendant points to a medical staff note that his blood pressure is not ideal despite the fact that his medication is at maximum dosage. *See* ECF No. [149-2] at 14. The Government responds that the medical records reveal that medical professionals at the BOP are addressing Defendant's hypertension and adjusting his treatment as needed. The Government argues that Defendant "does not explain how his hypertension is a result of the 'aging process;' not to mention, he does not explain how it has 'seriously deteriorated.'" ECF No. [151]

at 7. Defendant cites to the Mayo Clinic's website for support that age is a primary risk factor for hypertension. *See* Mayo Clinic, High Blood Pressure (hypertension), https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/symptoms-causes/syc-20373410 (last visited May 18, 2023). Defendant also explained that his blood pressure is still not within an ideal range despite being provided medication at maximum doses, demonstrating that the care he is receiving leaves his blood pressure outside the desired range.

Next, Defendant provides medical records demonstrating that, since the filing of his Motion for Compassionate Release, five front teeth have been removed due to tooth decay that led to bone loss. *See* ECF No. [149-3] at 3-5. The Government responds that the medical records indicate that Defendant has been receiving dental care for several teeth issues and it is "unclear how this condition has 'seriously deteriorated' due to the 'aging process.'" ECF No. [151] at 7.

Defendant states that he has only six teeth remaining and he "has not been fitted with partial dentures or dental bridges, though he reports he has been on a waiting list for the same since 2015." ECF No. [149] at 9. Defendant argues that as a result of losing so many teeth he has difficulty chewing his food, and his gums are frequently irritated and inflamed.

Defendant also provides medical records related to his joint problems and impaired mobility. *See* ECF No. [149-4]. The Government responds that the BOP has worked to address Defendant's mobility issues. The medical records confirm that Defendant has been assigned a low bunk and a first-floor cell, and Defendant does not contest that BOP is working to accommodate his mobility issues. Instead, Defendant responds that [t]he government's argument is based on a mistaken premise: namely, that Mrs. Stafford must show his various conditions are not being treated while he is in custody. . .."

In April 2021, Defendant was diagnosed with multilevel disc space narrowing of his lumbar spine and moderate to severe multilevel facet arthropathy of the lower spine. *Id*. at 4. In November 2021, he received diagnoses of mild osteoarthritis in both hips. *Id*. at 3-4. As a result, Defendant has restricted mobility, "needs a cane to get around" and is "restricted from bending at the waist, climbing, lifting anything weighing more than 15 pounds, prolonged standing, and squatting. ECF No. [149] at 10 (citing ECF No. [149-4] at 7). Defendant has been assigned a lower bunk and requires a care helper to move around the prison and carry his laundry and food.

Finally, Defendant provides evidence that he suffers from multiple eye diseases resulting in significant vision loss. *See* ECF No. [149-5]. He suffers from glaucoma, retinal vein occlusion, and macular edema. People over the age of 60 are at higher risk for glaucoma. *See National Institutes of Health, National Eye Institute, Glaucoma,* https://www.nei.nih.gov/learn-about-eye-health/eye-conditions-and-diseases/glaucoma (last visited May 18, 2023). He also suffers from cataracts, and as of June 29, 2022, his vision deteriorated to a point that surgery could be done, except his ophthalmologist noted that cataract surgery could worsen Defendant's other eye conditions. ECF No. [149-5] at 28-29. Defendant argues that his vision is blurred to the point he cannot see out of his left eye and his vision in his right eye is significantly impaired making it difficult for him to read, write, and safely navigate around the prison. ECF No. [149] at 12. The Government responds that "though his cataracts are age-related, it is hard to imagine that such a common, almost ordinary, condition of aging, could constitute 'serious deterioration.'" ECF No. [151] at 8.

Defendant cites multiple cases where courts have granted compassionate release in similar situations. In one case from this circuit, the court found that "[h]ypertension and hyperlipidemia, over time, increase the risk of heart attack, stroke, and other serious health conditions, especially

among those over the age of 65." *United States v. Jones*, No. 05-CR-001, 2022 WL 62089, at *4 (M.D. Fla. Jan. 6, 2022). The *Jones* court found that the defendant's "deteriorating physical health is a serious one" where records reflected, he "suffers from the following conditions: stage 2 chronic kidney disease, hypertension, benign hypertrophy of the prostate, hyperlipidemia, diverticulosis (an intestinal disorder), shoulder pain requiring injections, and vision issues (including nuclear sclerosis, presbyopia, and other corneal deposits)." *Id*. In another, *United States v. Howze*, the court found that the defendant "who is 66 years old, is experiencing a serious deterioration in physical health because of the aging process." No. 03-CR-226, 2022 WL 682760, at *3 (M.D. Fla. Mar. 8, 2022). That defendant identified the following medical conditions: Hepatitis C, dermatophytosis of the body, osteoarthrosis, and dental issues. *Id*. The *Howze* court did consider potential vulnerability related to COVID-19, which is not before this Court, but it is unclear the extent to which that informed the *Howze* court's ultimate determination.

The Government cites *United States v. Shepard* and argues that Defendant "does not appear to be experiencing serious deterioration." ECF No. [151] at 6 (citing *Shepard*, No. 07-CR-85, 2021 WL 848720, at *6-7 (D.D.C. Mar. 4, 2021)). There, the court found that under the age-based provision, "the 'deterioration in physical or mental health because of the aging process' required under U.S.S.G. § 1B1.13, cmt. (1)(B) is something less than the type of deterioration that would qualify a defendant for medical release. Nevertheless, the deterioration under the age provision must be 'serious.'" *Id*. at *6.

This Court noted in ruling on Defendant's Motion for Compassionate release that Defendant's medical records show that his "conditions are undoubtedly serious and chronic." ECF No. [146] at 8. Because Defendant was receiving adequate medical care, the Court found that he did not qualify for compassionate release under comment 1(a), now though Defendant is moving

under comment 1(b) which requires "something less than the type of deterioration that would qualify a defendant for medical release" under comment 1(a). *See Shepard*, 2021 WL 848720, at *6. As the *Jones* court noted, "the Court is not bound to reach the same result" as in a previous order on a motion for compassionate release." 2022 WL 62089, at *4. Here, Defendant has met his burden of showing sufficiently severe physical deterioration under the age provision to constitute an extraordinary and compelling reason for his release. He has demonstrated that in the past two years his condition has continued to deteriorate significantly – he has had to have his medication increased to maximum levels which are still proving insufficient to treat his hypertension. He received diagnoses of multilevel disc space narrowing of his lumbar spine and moderate to severe multilevel facet arthropathy of the lower spine related to chronic lower back pain and sciatica and osteoarthritis in both hips. Defendant had five teeth removed, leaving him with only six teeth remaining causing him to have trouble chewing his food. Defendant also has documented worsening of his eyesight. All of those conditions are associated with aging. Accordingly, the Court proceeds to consider the § 3553(a) factors.

## C.  Section 3553(a) Considerations

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Defendant argues that the factors weigh in favor of release. The Government responds that even if Defendant presented an extraordinary and compelling reason, the § 3553(a) weigh in favor of denying the Motion.

> **i.      Nature and Circumstances of the Offense**

Defendant argues that he feels deep remorse for the offense conduct and has submitted a letter expressing such remorse. ECF No. [149-7]. The Government cites to the Presentence Investigation Report ("PSI") to reiterate that the facts of the instant case are brutal, that Defendant has a criminal history predating the instant offense, and that the assault with a deadly weapon for which he received the instant sentence was committed while Defendant was incarcerated for bank robbery, demonstrating disregard for his community and the law. The Court notes that the nature and circumstances of the offense are grave and turns to the next factor.

> **ii.     Need for Sentence to Reflect Seriousness of Offense, Promote Respect for Law, Provide Just Punishment, Afford Deterrence to Criminal Conduct, and Protect the Public**

Defendant has served more than 27 years of his sentence. He argues that with good conduct time factored in, the time he has already served amounts to a more than 30-year sentence which is "3 times the otherwise applicable maximum for the offense of conviction. 18 U.S.C. 113(a)(3)." ECF No. [149] at 17. Defendant contends the time served reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and is a sufficient deterrent. The Government responds that Defendant's sentence is severe, but properly reflects the seriousness of the instant offense. The Government contends that "because Stafford was sentenced to a mandatory life sentence under 18 U.S.C. § 3559, that is the only available sentence to avoid unwarranted sentence disparities among defendants with similar conduct and records." ECF No. [151] at 10. More than 27 years in prison is not a light sentence. Defendant expresses remorse for his crimes, ECF No. [149-7]. He has also participated in prison programming, including taking courses and becoming a Suicide Watch Companion which required an initial training session, and subsequent monthly training and refreshers. *See* ECF Nos. [149-6], [149-8]. Defendant has not received any disciplinary infractions since 2003. The Government concedes that the behavior

11

described in the instant Motion is commendable but argues that the factors still weigh against release. ECF No. [151] at 10.

The Court disagrees, Defendant has provided evidence of his significant rehabilitation efforts, remorse, age, physical impairments, and most importantly significant time already served, In light of all of those factors, the Court finds that the time served is sufficient to reflect the seriousness of Defendant's offense, promote respect for the law, provide just punishment for his offense, deter criminal conduct, and protect the public.

Accordingly, the Court finds the § 3553(a) factors do not mandate Defendant's continued detention.

### D.  Danger to the Community

Finally, the Court considers whether Defendant poses a continued risk to the public. Turning to whether Defendant poses a danger to the safety of the community, the Court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). "The factors listed in 3142(g) are largely duplicative of those in 3553(a)." *United States v. Martin*, No. 98-CR-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) (quoting *United States v. Salvagno*, 456 F. Supp. 3d 420, 430 (N.D.N.Y. 2020)).

Defendant argues that he "does not pose a risk to any person or to the community." ECF No. [149] at 14. The Government does not specifically respond to this argument.

Upon review, the Court concludes that, notwithstanding the underlying offense conduct and Defendant's criminal history, Defendant no longer poses a danger to the safety of the community due to his disciplinary record while in custody, his rehabilitative efforts, and advanced age and physical impairments. These rehabilitative efforts, as explained above, weigh in favor of Defendant's request for release. *See United States v. Williams*, No. 04-CR-95, 2020 WL 1751545, at *3 (N.D. Fla. Apr. 1, 2020) (concluding that, "given [Defendant's] age, serious health problems, the substantial amount of time he has already served, and his exemplary prison record, factors which are now a part of his history and characteristics, the Court finds that the risk of him engaging in further criminal conduct is minimal and can be managed through . . . the terms of his supervised release").

To be sure, the Court reiterates that Defendant's underlying offense conduct is violent and serious. The Court notes however that Defendant has persuasively argued that he will have significant support in reentry.

### E.  Release Plan

Defendant explains that if released he has "both a place to go and extensive family support in navigating his reentry and medical care here in South Florida." ECF No. [149] at 20. Defendant asserts that his older brother and his older brother's wife, who is a retired registered nurse, have offered to have him live with them. Defendant asserts that his brother and his wife will be able to assist him in applying for health insurance and managing his care. Therefore, Defendant has a place to live and will have support managing his necessary medical care upon release.

Defendant explains that he has maintained contact with and will have the support of his children, and younger brother, who is a deacon in Hallandale, Florida. Defendant's younger brother and his wife have a "wide network of friends and parishioners who will assist with providing support – whether financial, transportation, or social." ECF No. [149] at 20. The Court is satisfied that Defendant will have support to successfully reacclimate to life outside of prison. The Court therefore provisionally approves Defendant's plan for release subject to the approval of United States Probation Office.

The Court finds it appropriate to reduce Defendant's term of imprisonment to time served. He shall be released under supervision consistent with the conditions set forth below.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [149]**, is **GRANTED**.

2. Defendant's term of imprisonment is reduced to **TIME SERVED** as of the date of this Order. The Defendant shall be placed on supervised release consistent with his previous Judgment and sentence, ECF Nos. [98], [100]. All previous conditions imposed in the Judgment remain in full force and effect.

3. The Federal Bureau of Prisons is directed to release Defendant immediately to the custody of his brother, Frank Williamson, after the United States Probation Office approves his release plan. Defendant is responsible for arranging his own transportation to his brother's home.

4. Defendant must report via telephone to the U.S. Probation Office **within twenty-four (24) hours** of his release from BOP custody.

Case No. 95-cr-00847-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2023.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record